IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**JAMES RIVER EQUIPMENT,**
**VIRGINIA, LLC, a Virginia Limited**
**Liability Company,**

    **PLAINTIFF,**

v.

                                                    Civil Action No.  5:13-28160

**JUSTICE ENERGY COMPANY, INC.,**
**A West Virginia Corporation,**

    **DEFENDANT.**

## COMPLAINT

    NOW COMES Plaintiff James River Equipment, Virginia, LLC, by and through its counsel, Jason S. Hammond and the law firm of Bailey & Wyant, PLLC, and for its Complaint against the Defendant, Justice Energy Company, Inc., states and avers as follows:

### I.  IDENTIFICATION OF PARTIES AND JURISDICTION

1. Plaintiff James River Equipment, Virginia, LLC, (hereinafter referred to as "James River") is and was at all times relevant herein a Virginia Limited Liability Company maintaining its principal office address at 11047 Leadbetter Road, Ashland, Virginia, 23005.  Plaintiff James River is duly authorized to conduct business in the state of West Virginia.

2. Upon information and belief, Justice Energy Company, Inc. (hereinafter referred to as "Justice Energy"), is a West Virginia Corporation, maintaining its principal office address at 100 Cranberry Drive, Beckley, West Virginia, 25801.  Upon information and

belief, Justice Energy lists with the West Virginia Secretary of State, Roman Semenov, 100 Cranberry Drive, Beckley, West Virginia, 25801, as its Agent for Service of Process.

3. Jurisdiction and Venue are appropriate in the United States District Court for the Southern District of West Virginia, inasmuch as this suit is between citizens of different states and the amount in controversy exceeds the value of $75,000.00, exclusive of interest and costs, pursuant to 28 U.S.C. §1332.

## II.   FACTS

4. Plaintiff James River incorporates by reference its allegations set forth in paragraphs 1-3, above, as though the same were set forth verbatim herein.

5. On or about April 10, 2013, Defendant Justice Energy began purchasing parts, equipment, and service from the Plaintiff, James River, to service equipment that it owns and operates at various mining sites in southern West Virginia.

6. Pursuant to the terms of the invoices, the amount due for James River's services was payable upon receipt and interest will be charged after 30 days on the remaining balance at a rate of 1.5% per month and associated collection cost, including Court costs and reasonable attorney's fees were also agreed to by Justice Energy.

7. Between April 10, 2013, and August 12, 2013, Justice Energy purchased parts, service, and equipment in amount of at least $148,496.14, which amount continues to incur finance charges, collection costs, Court costs, and attorney's fees.

8. Despite demands for payment by James River, Defendant Justice Energy has failed and/or refused to make payment to James River for the parts, service, and equipment supplied by James River.  Defendant Justice Energy had failed and/or refused to pay onto

James River sums in the amount of at least $148,496.14, which amount continues to incur finance charges, collection costs, Court costs, attorney's fees, and expenses.

### III. BREACH OF CONTRACT

9. Plaintiff James River re-alleges and avers each and every allegation set forth in paragraphs 1-8, above, as though the same were set forth verbatim herein.

10. James River entered into contracts with Justice Energy for the purchase of parts, service, and equipment for the benefit of Justice Energy.

11. James River fully performed all of its duties and obligations under the terms of the invoices and agreements with Justice Energy.

12. Despite full and complete performance on the part of James River, Defendant Justice Energy has failed and/or refused to pay sums due in owing to James River under the terms of the contracts.

13. As a direct and proximate result of the breach of contract by Justice Energy, James River has incurred damages, including but not limited to the following:

   A. Principal amount: 148,496.14;

   B. Interest at the contractual rate of 1.5% per month; and

   C. Costs including Court costs and reasonable attorney's fees.

### IV. UNJUST ENRICHMENT

14. Plaintiff James River incorporates by reference its allegations of paragraphs 1-13, above, as though the same were set forth verbatim herein.

15. James River has provided service, equipment, materials, and labor, which are incorporated in the equipment owned or operated by Defendant Justice Energy. The

service, equipment, materials and labor provided by James River has conveyed an economic benefit to the Defendant.

16. Justice Energy has received economic benefit by way of the services, equipment, materials and labor provided by James River, and Defendant Justice Energy has not tendered any consideration for this economic benefit.

17. As a direct, proximate and foreseeable result of this breach of contract and unjust enrichment, the Plaintiff, James River, has incurred damages, including but not limited to the following:

   A. The principal balance of $148,496.14;

   B. Interest at the rate of 1.5% per month; and

   C. Associated collections costs, including Court costs and reasonable attorney's fees.

WHEREFORE, James River hereby moves this Court for entry of an Order Granting Judgment in its favor against the Defendant, Justice Energy, in the amount of $148,496.14, along with interest at the contractual rate of 1.5% per month, associated collection costs, attorney's fees, costs, and expenses, and all further relief deemed just and appropriate.

                                              **Respectfully Submitted,**
                                              **James River Equipment, Virginia, LLC,**
                                              **By Counsel,**

/s/ Jason S. Hammond
**Jason S. Hammond, Esq. (WV Bar #8042)**
**BAILEY & WYANT, PLLC**
**500 Virginia Street, East, Suite 600**
**Post Office Box 3710**
**Charleston, West Virginia  25337-3710**
**T:  (304) 345-4222**
**F:  (304) 343-3133**
**Jhammond@baileywyant.com**