**EXHIBIT 1 TO NOTICE OF ISSUANCE OF SUBPOENA**

# CIVIL CASE SUBPOENA

## IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

JAMES RIVER EQUIPMENT, VIRGINIA, LLC, a Virginia
Limited Liability Company,

    PLAINTIFF,

v.                                                      Civil Action No. 5:13-cv-28160
                                                               Honorable Irene Berger

JUSTICE ENERGY COMPANY, INC. a West Virginia
Corporation,

    DEFENDANT.

---

TO:    Justice Energy Company, Inc.
        c/o Mr. Roman Semenov
        100 Cranberry Drive
        Beckley, West Virginia 25801

---

**YOU ARE HEREBY COMMANDED** [mark all that apply]

    **X**    to appear at U.S. District Court at the place, date and time specified below to
              **X**    testify in the taking of a deposition in aid of execution in the above-styled case;

            and

    **X**    to produce and permit inspection of and copying of designated books, documents or tangible things in your possession, custody or control, as follows:
- All documents and tangible things identified in Exhibit A to this Subpoena

---

| | |
|---|---|
| **Place of Appearance/Inspection:** | Robert C. Byrd U.S. Courthouse |
| | Courtroom of R. Clarke VanDervort, U.S. Magistrate Judge |
| | 110 North Heber Street |
| | Beckley, West Virginia 25801 |
| **Date of Appearance/Inspection:** | October 14, 2014 |
| **Time of Appearance/Inspection:** | 10:30 a.m. |

---

| | |
|---|---|
| **Issued By:** | Jason S. Hammond |
| **Title:** | Attorney |
| **Bar No.:** | 8042 |
| **Signature:** | _____    **Date Issued:**    October 9, 2014 |

**FEDERAL RULES OF CIVIL PROCEDURE, 45(c): Protecting a Person Subject to a Subpoena**
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person—except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**FEDERAL RULES OF CIVIL PROCEDURE, 45(d): Duties in Responding to a Subpoena**
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show

that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

# **EXHIBIT A**

1. All documents relating to every account, along with the assigned account numbers, that your company controls.

2. All documents identifying the amount of money held in such account at the time of the answering these requests for production.

3. All books and records that list and identify all shareholders of the Justice Energy Company, Inc..

4. All books and records that list and identify all partners who have an ownership in the Justice Energy Company, Inc.

5. All documents that list all debts and liabilities of the Justice Energy Company, Inc.

6. All documents listing and identifying all individuals sitting on the board of directors of the Justice Energy Company, Inc.

7. All documents listing all the officers of the company.

8. All documents that list any and all coal rights the Justice Energy Company, Inc. possesses.

9. All documents listing any and all equipment the company owns or leases including:
    a. all buildings
    b. all loaders
    c. all draglines
    d. all rock trucks
    e. all other equipment

10. All documents that identify every entity that owes money to the Justice Energy Company, Inc.

11. All books, records, documents that list all judgments against the Justice Energy Company, Inc.

12. All documents or records that identity all Deeds of Trust and lines of credit taken out by the Justice Energy Company, Inc.

13. All documents that list all UCC filings the company has against it.

14. All documents that list any and all lines of credit the company has access to.

15. All copies of the monthly, quarterly, and yearly statements, for the past 18 months, for all Accounts held the Justice Energy Company, Inc.

16. All copies of the monthly, quarterly, and yearly statements, for the past 18 months, for all Securities held the Justice Energy Company, Inc.

17. All copies of the monthly, quarterly, and yearly statements, for the past 18 months, for all annuities held the Justice Energy Company, Inc.

18. All documents relating to all notes, accounts receivable, and all debts owed to the Justice Energy Company, Inc, including those satisfied within the last 3 years.

19. All documents relating to the location of any and all safe deposit boxes or storage facilities to which the Justice Energy Company, Inc. has access and/or in which You or any one on Your behalf has placed property.

20. All documents relating to all real property owned in whole or in part by the Justice Energy Company, Inc, or in which you have an equitable interest.

21. All produce documents relating to all potential future assets the Justice Energy Company, Inc. has a reasonable expectation of receiving, including, but not limited to:
    a. filed claims;
    b. filed lawsuits;
    c. pensions;
    d. promised gifts; and
    e. trusts of which You are or may be a beneficiary.

22. Any and all financial statements or credit applications prepared by the Justice Energy Company, Inc. or on its behalf in the past 3 years

23. All books and records relating to all businesses in which the Justice Energy Company, Inc. own an interest or is affiliated with, whether as a:
    a. stockholder;
    b. partner;
    c. proprietor;
    d. officer;
    e. director;
    f. board member;
    g. agent; or
    h. associate

24. All documents relating to all monies owed to all businesses included in the documents related to Request 23 above.

25. All documents relating to all debts owed by businesses included in Your in the documents related to Request 24 above.

26. All state and federal tax returns for the five most recent years involving the Justice Energy Company, Inc in any way, including:
    a. individual tax returns;
    b. partnership returns;
    c. corporation returns;
    d. S corporation returns; and
    e. Limited liability company returns.

27. All documents relating to all of the Justice Energy Company, Inc. personal liabilities, including, but not limited to:
    a. charge accounts;
    b. revolving credit accounts;
    c. lines of credit;
    d. notes payable;
    e. mortgage loans;
    f. delinquent taxes due;
    g. judgments, criminal or civil; and
    h. bankruptcy filings

28. All documents relating to all amounts of cash flowing to and from the Justice Energy Company, Inc. at any time in the last 3 years.