IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

JAMES RIVER EQUIPMENT, VIRGINIA, LLC,

Plaintiff,

v.                                    CIVIL ACTION NO.   5:13-cv-28160

JUSTICE ENERGY COMPANY, INC.,

Defendant.

## MEMORANDUM OPINION AND ORDER

The Court has reviewed the *Plaintiff James River Equipment Virginia, LLC's Second Motion for Contempt and Motion for Sanction of Imprisonment of Officers and Directors until Justice Energy Company, Inc. Complies with Court Order* (Document 53), the *Memorandum of Law in Support* (Document 54) and all accompanying exhibits.   For the reasons stated herein, the Court finds that the Plaintiff's motion should be granted in part and denied in part.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The Plaintiff initiated the present action with the filing of a *Complaint* (Document 1) in this Court on November 6, 2013.   Therein, the Plaintiff asserted claims of breach of contract and unjust enrichment against the Defendant, damages totaling $148,496.14, and interest, costs and attorney's fees.   (Compl. at 2-4).   When the Defendant failed to answer the *Complaint*, the Plaintiff filed a *Motion for Entry of Default Judgment* (Document 6) on December 19, 2013.   On January 6, 2014, the Court entered an *Order* (Document 7) directing the Clerk of the Court to enter a Default Judgment, pursuant to Federal Rule of Civil Procedure 55(a).   (*Order*, at 1-2.)   That

same day, the Clerk entered a *Default Judgment* against the Defendant (Document 8).   On January 21, 2014, the Court entered an *Order* (Document 11) granting the Plaintiff's motion for default judgment, and awarding the Plaintiff $156,112.16 (the "default award") in damages.   On April 30, 2014, at the request of the Plaintiff, the Clerk of the Court issued a *Writ of Execution* (Document 16) on the default judgment, commanding the Defendant to pay the default award, as well as interest accrued thereon.

When the Defendant failed to pay the judgment, the Plaintiff filed its *Motion for Appointment of Commissioner* (Document 17) on July 16, 2014, requesting that the Court appoint Magistrate Judge R. Clarke VanDervort to act as Commissioner in aiding the execution of the judgment, pursuant to Federal Rule of Civil Procedure 69(a).   (Pl.s' Mot. for Appointment of Commissioner, at 1-2.)   On August 1, 2014, the Court issued an *Order* (Document 18) granting the Plaintiff's motion, and appointing Magistrate Judge VanDervort to serve as commissioner in this matter.   Magistrate Judge VanDervort issued an *Order* (Document 19) on August 19, 2014 commanding the parties to appear at a hearing on September 16, 2014, to discuss the current status of the judgment, and procedures to ensure payment.   The Defendant failed to appear at the hearing.   Magistrate Judge VanDervort issued an *Order* (Document 24) on October 1, 2014, commanding that a debtor's examination be held on October 14, 2014, in his chambers, and also commanding the Defendant to appear at the examination.

The debtor's examination was held as scheduled on October 14, 2014.   Mr. Vladislav Andreev, Vice-President of Finance for the Defendant, appeared at the hearing, as did counsel for the Plaintiff.   (Tr. at 2:2-10) (Document 28).   During the hearing, Mr. Andreev testified that he was paid by "Bluestone Industries," that he was an officer of Justice Energy, and that he was also

2

an officer of more than ten other affiliated entities. (*Id*. at 4:9-23).   He also testified that at the time of the hearing, Justice Energy had "zero" assets in their bank account, as money was deposited in their account at J.P. Morgan Chase before each payroll by a corporate affiliate. (*Id*. at 14:4-24). Notably, despite having been previously served interrogatories and requests for documents by the Plaintiff, Mr. Andreev failed to bring any documents with him to the hearing.   (*Id*. at 6:6-7:4).

On March 12, 2015, Magistrate Judge VanDervort issued an *Order* (Document 29) stating that a hearing would be held on March 31, 2015, in his chambers, to discuss the current status of the judgment.   The Order indicated that attendance at the hearing was mandatory for all parties, and instructed that the Clerk send a copy of the Order to Roman Semenov, designated in the Office of the West Virginia Secretary of State as the Defendant's agent for service of process.   At the hearing, the Defendant failed to appear (Status Hearing, at 1.) (Document 32)

On April 15, 2015, the Plaintiff filed its *Motion to Compel and Motion for Contempt* (Document 33).   The motion was referred to Magistrate Judge VanDervort, who issued an *Order* (Document 36) directing that a hearing be held on May 5, 2015.   Once again, the Defendant failed to appear for the hearing. (Motion Hearing, at 1.) (Document 39)   On May 11, 2015, Magistrate Judge VanDervort issued his *Proposed Findings and Recommendations* (PF&R) (Document 42), wherein he recommended that the Defendant and Mr. Semenov be ruled in contempt of Court, and be required to pay counsel for the Plaintiff for his services in preparation for and attendance at the various hearings held on the judgment.   The same day, this Court issued an *Order to Show Cause* (Document 41), commanding the Defendant and Mr. Semenov to appear before this Court on May 20, 2015, to show cause for why they should not be adjudged in contempt, based on the facts certified in Magistrate Judge VanDervort's PF&R.   On May 15, 2015, the Clerk received Return

3

Receipt Cards (Documents 45 and 46) from Mr. Semenov and the Defendant, verifying receipt of the Order to Show Cause and Magistrate Judge VanDervort's PF&R.   A hearing was held before this Court on May 20, 2015.   Neither the Defendant nor Mr. Semenov appeared at the hearing. (Show Cause Hearing, at 1.) (Document 49)   Therefore, on May 22, 2015, the Court entered an *Order* (Document 51) commanding the Defendant to produce certain documents to the Plaintiff within fourteen days, and finding the Defendant in contempt of court for failing to appear and violating the Court's orders after receiving proper notice. (May 22, 2015 Order, at 1-2.)   The Court also granted judgment for the Plaintiff for fees, costs and expenses, totaling $4,527.45, and ordered that the Defendant produce certain documents to the Plaintiff. (*Id.*)   Counsel for the Plaintiff avers that he transmitted a copy of the Court's May 22, 2015 *Order* to Mr. Semenov via electronic mail and United States mail, that a representative of the Defendant subsequently communicated directly with the Plaintiff to offer a settlement, and that neither the Defendant nor Mr. Semenov have produced the required documents.   (Pl.s' Mem. in Supp. of Mot. for Contempt, at 6.)

On September 30, 2015, the Plaintiff filed his *Second Motion for Contempt and Motion for Sanction of Imprisonment of Officers and Directors until Justice Energy Company, Inc. Complies with Court Order* (Document 54).   The Defendant failed to respond.   The Plaintiff's motion is, therefore, ripe for review.

## DISCUSSION

In the present motion, the Plaintiff seeks to hold the Defendant, its officers and directors, and its agent, Mr. Semenov, in contempt of court for a second time, based on their repeated disobedience of subpoenas and directives from the Court.   (Pl.s' Mem. in Supp. of Mot. for

Contempt, at 6.)   In particular, the Plaintiff requests that the Court find the Defendant and Mr. Semenov to be in civil or criminal contempt, and order the imprisonment of Mr. Semenov and the Defendant's officers and directors until "such time as the Defendant complies with the various Court orders."   (*Id*. at 8.)   The Plaintiff also requests, based on the allegedly contemptuous conduct of the Defendant and Mr. Semenov, that this Court "pierce the corporate veil" of the Defendant's parent corporation, Mechel Bluestone Inc. ("Bluestone"), and order the imprisonment of Bluestone's officers and directors.   (*Id*. at 8-9.)

The Court's contempt power is found in two statutes:   18 U.S.C. §401 ("Section 401") and 18 U.S.C. §402 ("Section 402").   Section 401 governs sanctions for civil contempt, and, in relevant part, empowers the Court to "punish by fine or imprisonment … such contempt of its authority" as "(3) [d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command."   18 U.S.C. §401.   The Fourth Circuit has set forth four elements for courts to assess when a party moves for the sanction of civil contempt:

> "(1) the existence of a valid decree of which the alleged contemnor had actual or constructive knowledge; (2) … that the decree was in the movant's "favor"; (3) that the alleged contemnor by its conduct violated the terms of the decree, and had knowledge (at least constructive knowledge) of such violations; and (4) … that [the] movant suffered harm as a result."

*Ashcraft v. Conoco Inc.*, 218 F.3d 288, 301 (4th Cir. 2000), quoting *Colonial Williamsburg Found v. The Kittinger Co*., 792 F.Supp. 1397, 1405-06 (E.D.Va. 1992), aff'd, 38 F.3d 133, 136 (4th Cir. 1994).

Meanwhile, Section 402 sets forth "[c]ontempts constituting crimes", and stipulates that:

> "[a]ny person, corporation or association willfully disobeying any lawful writ, process, order, rule, decree, or command of any district court of the United States … by doing any act or thing therein, or thereby forbidden, if the act or thing so done be of *such character as to constitute also a criminal offense under any statute of the United States or under the laws of any State in which the act was committed*,

5

shall be prosecuted for contempt …. And shall be punished by a fine under this title or imprisonment, or both."

18 U.S.C. §402 (emphasis added).   Thus, under Section 402, a Court may only find a person, corporation or association in criminal contempt if they disobey a Court's order, writ, rule, decree or command, and such disobedience constitutes an independent violation of federal or state law. *Id*.   If a Court finds that a party satisfies the requirements of Section 402, and is, therefore, in criminal contempt, the accused is entitled to a trial by jury, pursuant to 18 U.S.C. §3691.

The Fourth Circuit has clarified the distinction between civil and criminal contempt by focusing on the purpose of the sanction: when the "nature of relief and the purpose for which the contempt sanction is imposed is remedial," and intended to "coerce the contemnor" into compliance with the Court, the "contempt is civil."   *Buffington v. Baltimore County*, 913 F.2d 113, 134 (4th Cir. 1990).    By contrast, where contempt sanctions are designed to "vindicate the authority of the court by punishing the contemnor and deterring future litigants' misconduct," the contempt is criminal.   *Id*., citing *United States v. United Mine Workers*, 330 U.S. 258, 302–04 (1947); 3 C. Wright, Federal Practice & Procedure: Criminal 2d § 704, at 823–24 (1982).

Here, the Defendant has indisputably violated or failed to comply with several Court orders.   Specifically, the Defendant failed to appear as ordered before Magistrate Judge VanDervort at hearings scheduled for September 16, 2014 (Document 23), March 31, 2015 (Document 32), and May 5, 2015 (Document 39), and also failed to appear before this Court for hearing on the *Order to Show Cause* on May 20, 2015.   Accordingly, in an *Order* entered on May 22, 2015, the Court found the Defendant in contempt, and ordered the Defendant to produce additional documents to the Plaintiff.   The Plaintiff now avers that the Defendant has subsequently failed to comply with the terms of the May 22, 2015 *Order*, by failing to produce

any additional documents.   (Pl.s' Mem. in Supp. of Second Mot. for Contempt, at 6.)   The Plaintiff also avers that through counsel, it has provided to the Defendant by facsimile and United States mail a copy of the May 22, 2015 Order.   (Letter to Roman Semenov, att'd as Ex. A to Pl.s' Mem. in Supp. of Second Mot. for Contempt, at 1.)

Applying the test set forth by the Fourth Circuit, the Defendant is clearly in contempt based on its failure to produce documents in response to this Court's *Order* of May 22, 2015.   The relevant *Order* commanded that the Defendant produce to the Plaintiff:

> "any and all documents reflecting the Defendant's assumption of debt and liability, if any, from a recent transaction with Mechel North America, Mechel Bluestone Inc., and/or Mechel North America Sales Corporation, all with the local address of 100 Cranberry Creek Drive, Beckley, West Virginia 25801, within fourteen (14) days of the entry of this Order."

(May 22, 2015 Order, at 2.) (emphasis in original).   The *Order* was not only transmitted to the Defendant by the Clerk of the Court, but also provided to the Defendant by the Plaintiff.   Thus, the first prong of the Fourth Circuit test for contempt is clearly satisfied.   It is also clear that the Court's May 22, 2015 *Order* was in the Plaintiff's favor.   The *Order* found the Defendant in contempt, and ordered the Defendant to produce documents relevant to a default judgment to the Plaintiff.   The Defendant's failure to comply with the terms of the Court's May 22, 2015 *Order* is similarly clear. The Court ordered the Defendant to produce documents to the Plaintiff within fourteen days, and the Defendant has failed to produce any additional documents to the Plaintiff over the past seven months.   Finally, the Defendant's failure to comply with the terms of the Court's May 22, 2015 *Order* has clearly harmed the Plaintiff, as the failure to produce the relevant documents limits the ability of the Plaintiff to develop a coherent strategy for recovery of the default judgment.   Thus, the Court finds that the Defendant is in contempt of the Court's May 22, 2015 *Order*.   Because the Defendant has previously been found in civil contempt in this case, the

Court will consider harsher sanctions against the Defendant in order to coerce the Defendant to comply with the Court's directives and orders.

The Plaintiff also requests that the Court find that Mr. Semenov, as the Defendant's agent for service of process, is in contempt of Court.   Mr. Semenov clearly failed to comply with Judge VanDervort's *Order* of August 19, 2014 (Document 19), and failed to appear before this Court for hearing on the *Order to Show Cause* on May 20, 2015.   The Plaintiff argues that as agent for service of process for the Defendant, and also as a Director of the Defendant, Mr. Semenov received notice of the Court's Order of May 22, 2015. (Pl.'s Mem. of Law in Supp. of Second Mot. for Contempt, at 8.)   The Plaintiff therefore requests that the Court order the imprisonment of Mr. Semenov until such time as the Defendant complies with this Court's past orders. (*Id*.)   The Plaintiff argues that contempt sanctions are appropriate against Mr. Semenov because he has independently violated orders of this court by failing to appear for several hearings, and also because, as Director and Agent for Service of Process for the Defendant, he is "officially responsible for the conduct of the affairs of Justice Energy." (*Id*.)   However, the Plaintiff notes that Mr. Semenov "no longer primarily resides" in the Southern District of West Virginia, and therefore, resides "outside the reach" of Federal Rule of Civil Procedure 4.1(b).   (*Id*. at 10.) Thus, the Plaintiff requests that if the Court imposes sanctions against Mr. Semenov individually, the Court "consider imprisoning one of the other corporate officers" of the Defendant.   (*Id*. at 11.)

Mr. Semenov's conduct does not, at this point, satisfy the Fourth Circuit test for civil contempt.   Mr. Semenov received notice of several orders and directives of this Court, and failed to comply with at least two of these orders.   Mr. Semenov also received notice of this Court's *Order* of May 22, 2015, commanding the production of documents to the Plaintiff within fourteen

days.   However, that *Order* did not instruct Mr. Semenov to take any action in his individual capacity, and the prior orders which Mr. Semenov violated were not in the Plaintiff's "favor." Rather, they ordered Mr. Semenov to appear before the Court to address issues related to a previously-ordered judgment.   Thus, the Court finds that Mr. Semenov is not in civil contempt. Nor is the Court persuaded that sanctions against Mr. Semenov are appropriate in his capacity as Director for the Defendant.   Further, the Court is not inclined to punish other individual Directors of the Defendant for the allegedly contemptuous conduct of Mr. Semenov.

Similarly, the Court is not inclined to grant the Plaintiff's request for contempt sanctions against Directors and Officers of Bluestone.   The Plaintiff argues that "piercing a corporate veil" is appropriate here because "Defendant and [] Bluestone are so intermingled, that is essentially the same company."   (Pl.s' Mem. in Supp. of Second Mot. for Contempt, at 9.)   In support, the Plaintiff notes, *inter alia*, that Bluestone and the Defendant share a mailing and physical address, the Vice-President of Finance for the Defendant receives his compensation from Bluestone, and Bluestone intermingles "reports and data regarding coal production."   (*Id*.)   The Court notes that piercing any corporate veil is an extraordinary remedy, and unnecessary at this point to achieve the Plaintiff's intended results in this case.   Moreover, even if the Court applies the test set forth by the Plaintiff, under which the Court evaluates factors including "gross undercapitalization of the subservient corporation," "failure to observe corporate formalities," and "siphoning of corporate funds by the controlling entity," the Court finds that none of the relevant factors truly apply to this case.   (Id., citing *Connors v. Princeton Coal Grp., Inc*., 770 F. Supp. 1132, 1138-39 (S.D.W.Va. 1991).   The Court, therefore, declines to find Officers and Directors of Bluestone in contempt for the Defendant's failure to comply with the orders and directives of this Court.

9

**CONCLUSION**

Wherefore, after careful consideration, the Court **ORDERS** that the *Plaintiff James River Equipment Virginia, LLC's Second Motion for Contempt* (Document 53) be **GRANTED**, and that the Defendant be held in civil contempt and fined the sum of thirty thousand dollars ($30,000.00) per day beginning on January 5, 2015, and continuing until such time as the Defendant fully complies with the terms of the Court's *Order* of May 22, 2015.   Further, the Court **ORDERS** the Defendant to pay the Plaintiff's costs of bringing this motion, and lastly, **ORDERS** that the Plaintiff's *Motion for Imprisonment of Officers and Directors until Justice Energy Company, Inc. Complies with Court Order* be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER:        January 5, 2016

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

10