IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

TRANSCRIPT OF PROCEEDINGS

```
----------------------------x
                            :
JAMES RIVER EQUIPMENT,      :      CIVIL ACTION
Virginia, LLC,              :      NO. 5:13-cv-28160
                            :
vs.                         :
                            :
JUSTICE ENERGY COMPANY,     :      March 31, 2015
INC., a West Virginia       :
Corporation,                :
                            :
         Defendant.         :
                            :
----------------------------x
```

STATUS CONFERENCE

BEFORE THE HONORABLE R. CLARKE VANDERVORT
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the Plaintiff:          MR. JASON S. HAMMOND
                            Bailey & Wyant
                            P.O. Box 3710
                            Charleston, WV  25337-3710

For the Defendant:          No Appearance

Court Reporter:             Lisa A. Cook, RPR-RMR-CRR-FCRR

Proceedings recorded by Courtflow; transcript produced by
computer.

1          P R O C E E D I N G S

2          THE COURT:  This is the matter of *James River*

3  *Equipment, Virginia, LLC* vs. *Justice Energy Company, Inc.*,

4  5:13-28160.

5          The Court is in session for the purpose of a status

6  conference, noting in attendance attorney Jason Hammond of

7  Bailey & Wyant in behalf of James River Equipment.

8          The plaintiff and judgment creditor in this matter has

9  issued a subpoena for the appearance of a representative of

10  Justice Energy Company, Inc., to produce as well documents

11  evidencing the disposition of debts of James Energy Company,

12  Inc., after that company's sale.

13          And no one is present as the representative of James

14  Energy Company, Inc., though it appears that the subpoena

15  was served, bringing into question whether it should be

16  regarded a contempt of court.

17          Jason.

18          MR. HAMMOND:  Yeah.  That's a very good question.

19  I believe it is a contempt of court at this point, Your

20  Honor.  This is, I think, the second subpoena that they've

21  ignored.

22          We previously subpoenaed them for an appearance back in

23  September in front of Your Honor and they didn't show up.

24  And then whenever this status conference was scheduled, I

25  believe you ordered them directly to appear in your order.

1      And I believe it was the next day I issued the subpoena

2  and served that through the West Virginia Secretary of

3  State.  It was signed for by representatives of Justice

4  Energy Company.

5      And since then, I've received absolutely no response

6  from them.  And, obviously, they've failed to appear again

7  here today in front of Your Honor.

8      The agreement that we subpoenaed is actually very

9  important because it's my understaning that debts have been

10  assumed by a new entity which obviously, I think, needs to

11  be made a party to these proceedings at this point in time.

12  And that was the purpose of my subpoena for this.

13      Justice Energy has been in contact with my client in

14  the last three weeks and offered them $75,000 on a

15  $156,000-plus interest judgment which that's clearly

16  unacceptable.  It's completely in disregard of the judgment

17  order that Judge Berger entered well over a year ago.

18          THE COURT:  I can't imagine what the interest must

19  be now, --

20          MR. HAMMOND:  I've --

21          THE COURT:  -- or what the gross amount is.

22          MR. HAMMOND:  The gross amount of the judgment is

23  $156,000 and some change.  I'd have to calculate out the

24  interest.  I think it's probably in the neighborhood of

25  $10,000 to $15,000, somewhere --

1          THE COURT:  Uh-huh.

2          MR. HAMMOND:  -- in that ballpark --

3          THE COURT:  Uh-huh.

4          MR. HAMMOND:  -- at this point.  So that's --

5          THE COURT:  Uh-huh.

6          MR. HAMMOND:  -- where we're at at this point in

7    time.  I do know of other companies and entities that are

8    receiving calls from Justice Energy and its parent companies

9    trying to resolve debt at this point.

10          THE COURT:  It is evident then that this debt has

11   been assumed by Justice Energy.

12          MR. HAMMOND:  I, I would very much -- I operate

13   under that assumption that this is part of the $140 million

14   that Mr. Justice or whatever the entity may be --

15          THE COURT:  Well, that phone call offering 75 is a

16   pretty clear indication, isn't it?

17          MR. HAMMOND:  Yeah.  They, they seem to -- yeah,

18   just the offer of the money which we had never received from

19   them before --

20          THE COURT:  Uh-huh.

21          MR. HAMMOND:  -- is an indication that somebody's

22   attempting to resolve some debts for the company.

23          THE COURT:  Uh-huh.  How about you make a phone

24   call to Justice Energy right now from the Court or just come

25   on back in chambers.

1      MR. HAMMOND:  Okay.

2      THE COURT:  I'm, I'm puzzled as to why Mr. Semenov

3  continues to be their agent for purposes of service if, if

4  he does.

5      MR. HAMMOND:  He is still listed with the West

6  Virginia Secretary of State as agent for service of process.

7      THE COURT:  Uh-huh.

8      MR. HAMMOND:  And I haven't -- I haven't seen

9  anything to the contrary that it's been changed.

10      THE COURT:  Uh-huh.

11      MR. HAMMOND:  It's my understanding some of the

12  former Mechel employees have stayed on with the Justice --

13  the new Justice entities.

14      THE COURT:  Okay.  What's your schedule today?

15      MR. HAMMOND:  Today I have an appointment in

16  Fayetteville at 11:30 which, if necessary, I can call and

17  cancel.  And other than that, I'm at your mercy, whatever

18  you want.

19      THE COURT:  I would suggest -- and I don't want to

20  do it, but I would suggest that you make a phone call to

21  Justice Energy and demand that you speak with their

22  attorney.  A subpoena has been quite properly issued and

23  served and the Court has time to hear it.  And if the

24  Court's not going to hear it today, the Court's going to

25  hear it tomorrow or the next day or this week.

1    So why don't you come on back in chambers, Jason, and

2  make a -- if you know the number.

3          MR. HAMMOND:  We'll find it.

4          THE COURT:  Yeah.  We'll find it pretty quickly

5  I'm sure.

6          MR. HAMMOND:  Yeah.  I don't think that will be a

7  problem.

8          THE CLERK:  Court is in recess.

9    (A recess was taken after which the hearing was resumed

10  as follows:)

11          THE COURT:  What exactly did you do, Jason?

12          MR. HAMMOND:  Your Honor, during our break I

13  pulled the telephone number for Bluestone Industries where

14  Mr. Semenov and Justice Energies operated.

15    I called and asked for Roman Semenov, the agent for

16  service of process.  I was sent to his direct line.  It rang

17  four times and I left a message for him letting him know

18  that I was calling at your direction and that I was at a

19  status conference for a hearing and we had issued a

20  subpoena.  And I provided him with my cell phone number to

21  call me back and I have not heard back from him.

22          THE COURT:  Okay, all right.  You say that your

23  client's received a $75,000 offer and that did not come to

24  you?

25          MR. HAMMOND:  No, that did not come to me.  It

1   was -- there was a call made to my client's Salem, Virginia

2   office where they spoke with the manager and conveyed that

3   to him.

4          THE COURT:  Okay.  Let's, as you can today and if

5   not today then as soon as you can, get in touch with that

6   manager, get the phone number of the person who made that

7   call, and kind of track that offer back and get it in

8   writing.  And make sure that the Justice company that made

9   the offer has their attorney in touch with you.

10      I would like, like you to persist in attempting to

11  contact the attorney now for the, the judgment debtor in

12  this matter as that debt may have been transferred.

13      And I want to hear from that lawyer today or tomorrow.

14  And the longer I don't hear from that lawyer, I'm going to

15  assume the worst.

16         MR. HAMMOND:  Yes, sir.

17         THE COURT:  It's time to get this, this debt paid

18  and there's no reason why you should have to accept less

19  than the judgment amount.  It, after all, is a court order.

20      Now, please be sure, Jason, as well that all of your

21  liens are perfected and don't lapse.

22         MR. HAMMOND:  Yes, they have been and are recorded

23  in either three or four separate counties.

24         THE COURT:  Good, good.  All right.  That way we

25  can go ahead and we have something to talk about.

1     MR. HAMMOND:  Yes.  I don't want to lose that
2  ability.
3     THE COURT:  Uh-huh, all right.  Well, very good,
4  sir.  I'm sorry things didn't move right along today.
5     MR. HAMMOND:  That's quite all right.
6     THE COURT:  And I do view this conduct as
7  contemptuous and I think you should not hesitate to say that
8  that's my opinion of their failure to show.
9     MR. HAMMOND:  Yes, sir.
10     THE COURT:  And they -- I want to hear them tell
11  me they're going to be here the next time we're in court.
12  All right?
13     MR. HAMMOND:  Yes, sir.
14     THE COURT:  All right.  Thank you.
15     MR. HAMMOND:  I will stay on it.  Thank you.  I
16  appreciate your time.
17     THE COURT:  I appreciate you, sir.  You have a
18  good day now.
19     MR. HAMMOND:  You too.
20     (Proceedings concluded)
21
22
23
24
25

1        I, Lisa A. Cook, Official Reporter of the United

2   States District Court for the Southern District of West

3   Virginia, do hereby certify that the foregoing is a true and

4   correct transcript, to the best of my ability, from the

5   record of proceedings in the above-entitled matter.

6

7

8        s\Lisa A. Cook                    September 29, 2016

9             Reporter                              Date

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25