```
             IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                         AT BECKLEY

                  TRANSCRIPT OF PROCEEDINGS

-----------------------------x
                              :
JAMES RIVER EQUIPMENT,        :    CIVIL ACTION
Virginia, LLC,                :    NO. 5:13-cv-28160
                              :
vs.                           :
                              :
JUSTICE ENERGY COMPANY,       :    May 20, 2015
INC., a West Virginia         :
Corporation,                  :
                              :
          Defendant.          :
                              :
-----------------------------x

                     SHOW CAUSE HEARING

            BEFORE THE HONORABLE IRENE C. BERGER
                UNITED STATES DISTRICT JUDGE


APPEARANCES:

For the Plaintiff:        MR. JASON S. HAMMOND
                          Bailey & Wyant
                          P.O. Box 3710
                          Charleston, WV  25337-3710

For the Defendant:        No Appearance




Court Reporter:           Lisa A. Cook, RPR-RMR-CRR-FCRR

Proceedings recorded by mechanical stenography; transcript
produced by computer.
```

P R O C E E D I N G S

THE CLERK: The matter before the Court is *James River Equipment, Virginia, LLC* vs. *Justice Energy Company, Incorporated*, Civil Action Number 5:13-28160, scheduled for a show cause hearing.

THE COURT: Good morning, Mr. Hammond.

MR. HAMMOND: Good morning, Judge.

THE COURT: Place your appearance on the record for us, please.

MR. HAMMOND: Sure. Jason Hammond with the law firm of Bailey & Wyant on behalf of the plaintiff and judgment creditor, James River Equipment, Virginia, LLC.

THE COURT: All right. The record should reflect that we are here this morning for a show cause hearing on the recommendation of the Magistrate Judge who had previously presided on certain matters in this case and who has previously issued orders for the appearance of Justice Energy Company.

And although the record indicates that they have received and were given notice, they did not appear. The Magistrate Judge has recommended that they be held in contempt.

They have also by virtue of the documents filed been served with notice of today's hearing, as well as been given notice of the proposed findings and recommendations of the

Magistrate Judge.

The record should further reflect that although they have been given notice of today's hearing, no one from Justice Energy has appeared here this morning.

Mr. Hammond, I have reviewed your attorney's fee petition and I will let you address the record at this time if you want.

MR. HAMMOND: Judge, just to be very brief, I think Magistrate VanDervort has clearly set out the history of Justice Energy and I think their agent for service of process, general counsel, Roman Semenov's contempt toward the Court, my client, and me and our time attempting to collect this judgment.

This now is the fourth time that they've not appeared at hearings despite being ordered to do so. I don't know that I've ever seen a clearer instance of contempt of court than what we've developed on the record in this case, Your Honor.

I filed my attorney's fee petition. I tried to limit it down to what Magistrate VanDervort indicated covering my hearings in preparation for the hearings and submitted a redacted copy. I believe it was in the total amount of $3,766.62, not taking into account any type of preparation or attendance for today as well.

And I guess as part of the contempt I'm just asking for

1  judgment for my attorney's fees on behalf -- against Justice
2  Energy as well as against its general counsel and agent for
3  service of process, Roman Semenov.  I believe there's
4  adequate law set forth that as the agent for service of
5  process, he's the face of the company and responsible for
6  having procedures in place in order to defend actions.
7     I know these companies have hundreds of lawsuits
8  pending in southern West Virginia and law firms all
9  throughout West Virginia and even the country representing
10 them.  There's just point-blank no excuse for their behavior
11 in this action.
12        THE COURT:  Well, I would agree that the record
13 reflects clear contempt.  The record reflects notice of both
14 hearings and what appears to be a blatant or intentional
15 failure to appear.
16    I find that they are, in fact, in contempt as
17 established by the very records in this case.  And I'm going
18 to, of course, grant your request for attorney's fees in the
19 amount of $3,766.62 reflecting attorney's fees, costs, and
20 expenses up to but not including today's date.
21    I further find that you will be entitled to your fees
22 for your appearance here today and any costs and expenses
23 related to your appearance.
24    Any other relief that you're requesting, Mr. Hammond?
25         MR. HAMMOND:  Your Honor, I think one pending

1  issue remaining is one of the subpoenas I issued I had
2  requested a copy of the Purchase Agreement and Debt
3  Assumption Agreement whereby Mr. Jim Justice or one of his
4  entities have supposedly assumed $130 million worth of debt
5  that Mechel Bluestone incurred.  And I, I need that document
6  because I'm going to sue them point-blank.  As soon as I
7  find out who the entity is, I need to -- I'll be back here.
8             THE COURT:  Well, if there is anything in the
9  order that you're requesting in that regard in aid of
10 execution, I will certainly hear you on that.
11     If there is some time frame that you want this Court to
12 give for production or anything that I can do to assist in
13 moving this on, based on my review of the record, I think
14 that the Court should do what it can in aid of execution
15 given the blatant failure to comply with court orders and
16 the blatant failure to be cooperative thus far by the
17 defendant.
18            MR. HAMMOND:  My suggestion is if we would enter
19 an order giving them 10 days to produce that document to me.
20 And I think the only other step that we have potentially
21 left is going down the road of criminal contempt and having
22 the U.S. Marshals start picking up people and bringing them
23 to hearings.  That's --
24            THE COURT:  All right.  I will grant what I
25 believe to be your motion for an order ordering the

```
 1   production of that document within -- Mr. Hammond, I'll make
 2   it 14 days of the entry of my order.  And we'll get that
 3   order done, you know, fairly quickly.
 4           MR. HAMMOND:  Sure.
 5           THE COURT:  Anything further that you're
 6   requesting here today?
 7           MR. HAMMOND:  I appreciate that.  I think that
 8   covers everything for today, Your Honor.
 9           THE COURT:  All right.  Nice to see you,
10   Mr. Hammond.
11           MR. HAMMOND:  Nice to see you again.
12           THE COURT:  Have a good day.
13           MR. HAMMOND:  You too.
14      (Proceedings concluded at 9:09 a.m.)
15
16
17
18
19
20
21
22
23
24
25
```

1

2          I, Lisa A. Cook, Official Reporter of the United

3   States District Court for the Southern District of West

4   Virginia, do hereby certify that the foregoing is a true and

5   correct transcript, to the best of my ability, from the

6   record of proceedings in the above-entitled matter.

7

8

9          s\Lisa A. Cook                    September 29, 2016

10             Reporter                              Date