# EXHIBIT D

**United States Department of Justice**

United States Attorney
Southern District of West Virginia

Robert C. Byrd United States Courthouse
300 Virginia Street, East, Suite 4000
Charleston, WV 25301
Telephone: 304-345-2200

Post Office Box 1713
Charleston, WV 25326
FAX: 304-347-5443
1-800-659-8726

May 31, 2019

Michael W. Carey
901 Chase Tower
707 Virginia Street, East (25301)
P.O. Box 913
Charleston, West Virginia 25323

Andrew L. Ellis
John F. Hussell, IV
John D. (Jody) Wooton, Jr.
Wooton, Davis, Hussell & Ellis, PLLC
P. O. Box 3971
Charleston, WV 25339

      Re: James River Equipment Virginia, LLC v. Justice Energy Company, Inc.
            Civil Action: 5:13-cv-28160 (S.D.W.Va.)

Gentlemen:

    I have reviewed the deposition testimony of the officers of Justice Energy Company, Inc., and the latest equipment disclosures regarding Justice Energy Company, Inc. After reviewing that testimony and all of the financial and equipment information disclosed to date, it is clear that Justice Energy Company, Inc., is a mere corporate shell and is acting as the alter ego for JCJ Coal Group, LLC, Blue Stone Resources, Inc., Blue Stone Coal Corporation, Blue Stone Industries, Inc., Bluer Stone Minerals, Inc., and other corporate entities controlled James C. Justice II and James C. Justice III ('the Justices"). I believe that a motion to impose the obligation to pay the $1,230,000 contempt sanction assessed by Judge Berger in this case on the other limited liability companies, corporate entities, and shareholders for which Justice Energy Company, Inc., is serving as the alter ego is likely to be successful.

    Justice Energy Company, Inc., is merely a shell or alter ego for the other companies controlled by the Justices. Justice Energy Company, Inc., does not own the Red Fox mine or the coal reserves from that mine, the equipment used at the mine, the mining permits, or other assets employed at the mine site. The supervisors are employed by another entity controlled by the Justices, and the sole bank account of Justice Energy Company, Inc., is funded by another company controlled by the Justices. The coal mined by Justice Energy Company, Inc., at the Red Fox mine is controlled and sold by another company controlled by the Justices. Moreover, Justice Energy Company, Inc., does not have its own separate corporate headquarters. All of the actions and activities of Justice Energy Company, Inc., are controlled by the Justices who control the boards of these various entities. While Justice Energy Company, Inc., may be a corporation, it is, in reality, an alter ego and shell controlled

Messrs. Carey, Ellis, Hussell & Wooton
May 31, 2019
Page 2

by the Justices through their other entities and has no real separate existence under the law. I believe that those who control Justice Energy Company, Inc., have a legal obligation and the ultimate legal responsibility to make sure that the contempt sanction is paid.

Judge Berger has set June 6, 2019, as the date for Justice Energy Company, Inc., to submit a proposal, no later than June 6, 2019, informing the Court as to the date by which payment will be made in full or proposing a schedule of payments, to be completed no later than January 1, 2020, for the Court's review. I believe that it would be in the best interests of Justice Energy Company, Inc., and its related limited liability company entities, corporate entities, partners, board members, and shareholders that the contempt sanction be paid immediately or that a payment plan be submitted to the Court that is properly secured and will meet the Court's criteria set forth in the order entered yesterday. I am willing to work with you towards a proposed agreement for a schedule of payments, to be completed no later than January 1, 2020, to pay the contempt sanction as long as those payments will be properly funded. Of course, any such proposed agreement would be subject to DOJ and Court approval.

I intend to make a report to the Court in advance of the June 6, 2019, deadline and file any necessary motions to aid in the collection of the contempt sanction assessed by the Court. If you would like to try to reach an agreement on a potential payment plan to pay the contempt sanction, subject to DOJ and Court approval, in advance of the June 6, 2019, deadline, please do not hesitate to call me.

Sincerely,

MICHAEL B. STUART
United States Attorney

By: *Fred B. Westfall Jr.*
Fred B. Westfall, Jr.
Assistant United States Attorney

FBW/fbwjr